IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01525-LTB-KLM

U.S. BANK NATIONAL ASSOCIATION, as Trustee, as successor in interest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee for the registered holders of Bear Stearns Commercial Mortgage Securitie,

    Plaintiff,

v.

WESTLAND PLAZA LLC, a limited liability company,
MARKO C. BURNS, an individual, and
BRUCE I. SHAPIRO, an individual,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Amendment to Scheduling Order's Deadlines to Designate Expert Witnesses** [#26][1] (the "Motion"). The Motion is referred to this Court for disposition [#27].  Defendants have not yet filed a response, but the Court may rule on a pending motion at any time.  D.C.COLO.LCivR 7.1(d).  The Court has reviewed the Motion, the entire docket, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motion [#26] is **GRANTED**.

---

[1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

## I. Background

In this action, Plaintiff alleges that Defendants breached written contracts and "fail[ed] to repay a $10.5 million loan to" Plaintiff. *Am. Compl.* [#23] at 2, ¶¶ 55-84. On October 14, 2014, the Court entered a Scheduling Order [#15] governing this case. The Scheduling Order deadlines include, among other deadlines, an affirmative expert disclosure deadline of February 13, 2015 and a rebuttal expert disclosure deadline of March 13, 2015. *Sched. Order* [#15] § 9(d)(3)-(4).

In the Motion, Plaintiff requests a two-week extension of each of these two deadlines. *Motion* [#26] at 3. Plaintiff notes in the Motion that "[a]lthough the parties remain engaged in active settlement discussions, [Defendants' counsel] indicated that Defendants would oppose the relief requested in this motion." *Id.* at 2. In support of the requested relief, Plaintiff states that [t]he parties have been actively engaged in settlement discussions for a couple of months with the goal of determining whether this action can be resolved and dismissed without further litigation." *Id.* Plaintiff avers that it is currently considering Defendants' most recent settlement proposal and asks the Court to extend the affirmative expert disclosure deadline and the rebuttal expert disclosure deadline by two weeks so Plaintiff can "continue working to resolve this matter without incurring the high cost of engaging expert witnesses and proceeding with expert witness discovery." *Id.* at 2-3. Plaintiff argues that the on-going settlement discussions and the potential savings of fees and costs by both Plaintiff and Defendants as a result of the extensions constitutes good cause to grant the Motion. *Id.* at 3-4.

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 16(b)(4), the Scheduling Order "may be modified only

for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To demonstrate good cause pursuant to Fed. R. Civ. P. 16(b)(4), the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 1009) (citation omitted); Minter *v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted); *accord Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order). "While rigid adherence to the pretrial scheduling order is not advisable," *SIL-FIO v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), the pleading amendment deadline requires that parties conduct discovery efficiently and promptly in order to timely comply. *See Granite Southlands Town Center LLC v. Alberta Town Center, LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010) (noting that "deadlines to amend a party's pleading are set at the outset of the case to require [parties] to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later.").

### III. Analysis

The Court has previously held that a party's failure to engage an expert and timely move for extension of the expert disclosure deadline does not constitute good cause for amendment of the scheduling order. *See e.g., Am. Nat'l Prop. & Cas. Co. v. Uscier*, No. 09-cv-02053-CMA-MJW, 2010 WL 2802653, at *2 (D. Colo. July 14, 2010)*; Rothermund*

3

*v. City of Craig*, No. 00-N-311, 2000 WL 1456952, at *1 (D. Colo. Sept. 25, 2000). However, in those cases the party seeking the extension sought extension of the deadlines after their expiration and therefore, also had to show that "the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b); *see also Uscier*, 2010 WL 2802653, at *1-2; *Rothermund*, 2000 WL 1456952, at *1.  In this case, Plaintiff filed the Motion before the expiration of the first deadline which it seeks to extend. Accordingly, the Court finds that this case is more akin to *Ehler v. IPEX, Inc.*, 2009 WL 1392075, at *4 (D. Colo. May 15, 2009), in which the Court granted a stipulated motion to amend the scheduling order and found that the parties' engagement in settlement discussions constituted good cause for amendment of the scheduling order. In that case the Court noted that discovery would continue while the parties engaged in settlement negotiations. *Id.*  Similarly, here, Plaintiff notes that the April 14, 2015 discovery cut-off deadline and the February 1, 2016 trial date remain in place and will keep the case on schedule even if the two-week extensions are granted. *Motion* [#26] at 4. As a result, the Court is satisfied that the brief two-week extensions will not cause any significant delay of this case and finds that, in these circumstances, Plaintiff has shown good cause for the requested amendment of the Scheduling Order to extend the expert disclosure deadlines by two weeks.

However, Plaintiff is warned that it cannot ignore its discovery obligations in the hopes that the parties will reach settlement. Counsel must strive to be a good case manager by balancing his client's desire for cost management with the client's obligation to participate in discovery as ordered by the Court. *See Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, at *4-5 (D. Colo. April 9, 2010) (discussing those obligations and denying motion to amend a scheduling order). As a

result, the Court will not look favorably on any future contested motions to amend the Scheduling Order that rely only on on-going settlement negotiations as the basis for a finding of good cause.

### IV. Conclusion

Accordingly, for the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#26] is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that the Scheduling Order entered on October 14, 2014 [#15] and amended on November 12, 2014 [#19] and November 19, 2014 [#22], is further modified to extend the following deadlines:

- Affirmative Expert Disclosure Deadline        **February 27, 2015**
- Rebuttal Expert Disclosure Deadline           **March 27, 2015**

Dated: February 19, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge